Andrew McClain, J.,
delivered the opinion of the Court.
In this case, a motion was made in the Circuit Court of Cannon County, by defendant in error, against Rigsby, the plaintiff in error, for failing to pay over money collected as constable, and failing to make due return of an execution.
It has not been insisted that the plaintiff in error incurred liability by failing to return an execution.
It is insisted that he received the amount of the judgment in money, and failed to pay it to the defendant in error.
There was judgment against Rigsby, from which he has appealed.
On the trial of the motion, the Justice of the Peace who rendered the judgment, was examined as a witness, who stated that Rigsby was at his office, and directed him to prepare executions on various judgments, and have them ready for him against a certain day; and *149 the execution on the judgment referred to in this case, was one of them. But before Rigsby called to get the executions, Mather, the defendant in this judgment, came to his office and paid the' money to him (the Justice,) for Rigsby; and when Rigsby came, he paid him the money, and took Rigsby’s receipt for the money, and delivered it to Walter, the defendant in the judgment.
It also appears that Rigsby paid money into the office of the Clerk, after this motion was made; and it is insisted by Rigsby that it is the same money which he received from the Justice of the Peace. This money was shown to the Justice, but he was unable to identify it. The Justice stated that the money paid by Rigsby was current at the time. He does not state, however, nor does it otherwise appear, that it was convertible. The money received by the Justice, and paid to Rigsby, was bills of the Bank of Tennessee, and of South Carolina and Georgia banks.
Section 3600 of the Code, is relied upon as authority for this motion. That section is in these words:
“ Sheriffs, coroners and constables, are liable to judgment by motion, before a Justice of the Peace, in favor of the party interested, for any money collected or received by them upon any debt or demand cognizable before a Justice of the Peace, and put into their hands for collection, whether such' money was received before or after the issuance of a warrant for such debt or demand, and with or without judgment or execution.”
Section 3591, provides that the Circuit Court shall have concurrent jurisdiction of all motions cognizable before a justice.”
*150 In this case, the constable took the note for collection, on which this judgment was recovered, and executed his receipt therefor.
The notice given the constable was, that a motion would be made against him, and his sureties on his official bond.
The motion made, however, did not embrace the sureties, and no judgment against them appears to have been insisted on.
It is the opinion of the majority of the Court, that, in the present proceeding, the defendant cannot be heard to dispute his own act, or defend himself on the ground that he acted without authority, or in violation of law, in receiving in discharge of the judgment, the bank bills, which are not shown to be current and convertible: The case of Draper, Adm’r, etc., vs. The State, for use of McClellan, 1 Head, 264.
The writer of this opinion concurs in this view, when the proceeding is an action at common law; but has doubts as to the application of the principle in a proceeding, by motion, as in this case: Code, sec. 584.
Let the judgment be affirmed.